**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3562
_____

LUTHER C. STONE,
                                        Appellant

v.

SHEILA JOHNSON, Individual Capacity;
L. COMO, Individually Capacity;
STEVENS, Individual Capacity;
DENESE SCHIAVO, Individual Capacity;
JOSEPH KILHOF, Individual Capacity

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-15-cv-01382)
Magistrate Judge Cynthia Reed Eddy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 1, 2017

Before: GREENAWAY, JR., GREENBERG and ROTH, Circuit Judges

(Opinion filed:  November 15, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Luther C. Stone appeals from the District Court's dismissal of his complaint. For the following reasons, we will affirm.

I.

In October 2016, Stone, an inmate at SCI-Mercer, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in the Western District of Pennsylvania, alleging that his First, Fifth, Eighth, and Fourteenth Amendment rights were violated when he was removed from a Therapeutic Community (T.C.) program and required to enter into a sex offender treatment program (SOP), even though he had not been convicted of a sex offense. Specifically, Stone claims that following his incarceration at SCI-Mercer, he was advised that he would not be required to participate in the sex offender program. In March 2013, he was placed in the T.C. program but encountered difficulties progressing in the program because he had been unable to convince his program peers that there was not a sexual component to his past convictions.[1] In May 2013, Stone claims that he was advised that he would be removed from the T.C. program and that on August 29, 2013, he was notified that the Pennsylvania Board of Probation and Parole added completion of the sex offender program as a precondition of his parole. Stone named as defendants Sheila Johnson, Project Point of Light office manager; L. Como, Stevens, and Denese Schiavo, current and former Therapeutic Community drug and alcohol staff program staff facilitator members at SCI-Mercer; and Joseph Kilhof, SCI-Mercer parole office supervisor.

---

[1] Stone alleges that as part of the T.C. program, inmates were required to confront and admit their past criminal offenses in front of the other participants.

In April 2016, defendants Como, Stevens, Schiavo, and Kilhof, filed a motion to dismiss Stone's complaint. The parties consented to trial/jurisdiction by a Magistrate Judge. By order entered on August 24, 2016, the Magistrate Judge granted defendants' motion to dismiss, finding that the statute of limitations on Stone's claims had expired. This timely appeal followed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of the District Court's order dismissing Stone's claims on statute of limitations grounds under Federal Rule of Civil Procedure 12(b)(6). Lake v. Arnold, 232 F.3d 360, 365 (3d Cir. 2000) (citations omitted). In reviewing the dismissal under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). A court may grant a motion to dismiss under Rule 12(b)(6) "only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, [it] finds that [the] plaintiff's claims lack facial plausibility." Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)). Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013). We may affirm on any basis

3

supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir.2011) (per curiam).

The District Court dismissed Stone's claims as time-barred. However, we need not address whether that disposition was correct because, contrary to Stone's assertion, he did not properly exhaust his administrative remedies as his April 8, 2015 grievance did not fairly grieve any of the injuries alleged in his complaint. The primary purpose of the Prison Litigation Reform Act's (PRLA) exhaustion requirement is to allow prison officials "a fair opportunity" to address grievances on the merits, to correct prison errors that can and should be corrected, and to create an administrative record for those disputes that eventually end up in court. Woodford v. Ngo, 548 U.S. 81, 94-95 (2006). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007).

Stone's April 8, 2015 grievance was completed on Form DC-ADM 804, from the Inmate Grievance System Procedures Manual. The manual provides that the grievance must "include a statement of the facts relevant to the claim," including "the date, approximate time, and location of the event(s) that gave rise to the grievance." The inmate must also "identify individuals directly involved in the event(s)," and "specifically state any claims he/she wishes to make concerning violations of Department directive, regulations, court order, or other law." (Emphasis added). In his grievance, Stone exclusively challenged "the latest deniale [sic] of Parole by the Board of Probation

4

and Parole on 4-6-15." He also broadly stated that Kilhof was negligent in allowing Stone's First, Fifth, Eighth, and Fourteenth Amendment rights to be violated by "not verifying the legality of the Assessments/Recommendations made by the D.O.C. Staff at SCI Mercer and allowing these Programs to be a controling [sic] factor in being Granted Parole." The grievance did not specifically reference any of the 2013 conduct complained of in the complaint.[2] As a result, the prison officials were not on notice that Stone was complaining about his 2013 removal from the Therapeutic Community and the specific claims arising from the 2013 inclusion of sex offender treatment in his rehabilitation plan. Thus, Stone's claims were not properly exhausted, and dismissal of Stone's complaint was proper.

III.

Accordingly, we will affirm the judgment of the District Court.

---

[2] Stone raised the following claims in his complaint: (1) defendants violated his First Amendment right to Freedom of Speech by causing him participate in sex offender treatment even though he was not charged or convicted for conversations with the 16-year-old female, which was protected speech; (2) defendants violated his First Amendment right to Freedom of Association by causing him to participate in sex offender treatment even though he was not charged or convicted for associating with the 16-year-old female; (3) defendants violated his right to not be compelled to "bear witness against himself" in violation of the Fifth Amendment when they used information obtained in therapy to force him to undergo sex offender treatment; (4) defendants violated his Eighth Amendment rights by subjecting him to "enroll in and endure unnecessary treatment programs"; and (5) defendants violated his right to due process "by classifying [him] as a sex offender without providing [him] due process protections."